**WO**                                                                                                       SC

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Corey Demar Shivers,  )   No. CV 10-2265-PHX-GMS (JRI)
                      )
         Petitioner,  )   **ORDER**
                      )
vs.                   )
                      )
Joseph M. Arpaio, et al., )
                      )
         Respondents. )

On October 22, 2010, Petitioner Corey Demar Shivers, who is confined in Maricopa County's Fourth Avenue Jail in Phoenix, Arizona, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.)  Petitioner also filed a motion for a prohibitory injunction. (Doc. 3.)  Petitioner has not paid the $5.00 filing fee or filed an Application to Proceed *In Forma Pauperis*.  The Court will summarily dismiss the Petition and this action without prejudice as premature.

**I.     Background**

Petitioner seeks to challenge his conviction by a jury in Maricopa County Superior Court, case# CR2009-130017. Petitioner's sentencing in that case is currently scheduled for November 22, 2010, subject to a pending mental health evaluation.[1]

/   /   /

/   /   /

---

[1] See http://www.courtminutes.maricopa.gov/docs/Criminal/102010/m4421793.pdf.

## II. Premature Filing of a Habeas Petition

A prisoner attacking a state conviction must *first* exhaust state remedies before a federal court will entertain a petition for writ of habeas corpus. Rose v. Lundy, 455 U.S. 509 (1982); Szeto v. Rushen, 709 F.2d 1340 (9th Cir. 1983). To exhaust state remedies, a petitioner must fairly present his claims to the highest state court within a state's standard review process in order to provide the state with an opportunity to rule on the merits of his federal claims. See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999); see McQuown v. McCartney, 795 F.2d 807, 809 (9th Cir. 1986); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). An Arizona petitioner sentenced to less than the death penalty may exhaust his federal claims by presenting them in a procedurally proper way to the Arizona Court of Appeals, either on direct appeal or in post-conviction proceedings, without seeking discretionary review in the Arizona Supreme Court. Crowell v. Knowles, 483 F.Supp.2d 925, 928-30, 933 (D. Ariz. 2007) (following 1989 statutory amendment, Arizona Court of Appeals has jurisdiction over criminal convictions involving less than a death sentence); cf. Swoopes, 196 F.3d at 1010 (citing pre-1989 statutory amendment); Castillo v. McFadden, 399 F.3d 993, 998 n.3 (9th Cir. 2005) (same).

As noted above, Petitioner has not yet been sentenced in CR2009-130017, much less exhausted available state court remedies. Accordingly, the Court will summarily dismiss this action without prejudice as premature.

## III. Motion for Injunctive Relief

As noted above, Petitioner has filed a motion for injunctive relief. Specifically, Petitioner asks the Court to enjoin further appearances by him in Maricopa County Superior Court until this case is resolved. Petitioner's request will be denied as moot.[2]

---

[2] While a state inmate may seek injunctive or compensatory relief based on violation of his civil rights, he must do so in an action filed pursuant to 42 U.S.C. § 1983, not in a habeas petition. See Nelson v. Campbell, 541 U.S. 637, 643 (2004); Muhammad v. Close, 540 U.S. 749, 750 (2004); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (citing Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

**IT IS ORDERED:**

(1) Petitioner's motion for a prohibitory injunction is **denied**.  (Doc. 3.)

(2) The Petition and this action are **dismissed without prejudice** as premature. (Doc. 1.)

(3) The Clerk of Court must enter judgment accordingly and close this case.

(4) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

DATED this 16th day of November, 2010.

_____
G. Murray Snow
United States District Judge